UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL THOMAS, an individual, and
MICHELE TERRY, an individual,

        Plaintiffs,

                                  CASE NO. 2:11-cv-12627
v.                                 JUDGE ARTHUR J. TARNOW
                                  MAGISTRATE JUDGE PAUL KOMIVES

KARL HORVATH, an individual,

        Defendant.
                                /

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR APPROVAL
OF HRT DISTRIBUTION OF ASSETS AFTER DISSOLUTION (docket #11)**

I.      RECOMMENDATION: The Court should grant plaintiffs' motion for approval of HRT distribution of assets after dissolution.

II.     REPORT:

A.     *Background*

Plaintiffs Karl Thomas and Michele Terry, two of three partners in HRT Enterprises, commenced this action on June 17, 2011, against the third HRT partner, Karl Horvath. Plaintiffs' complaint sought dissolution of the partnership pursuant to MICH. COMP. LAWS § 449.32. Plaintiffs allege that HRT was formed in 1984 by plaintiff Thomas, defendant Horvath, and Hein Rüsen, who eventually sold his share of the partnership to defendant Terry. *See* Compl., ¶ 7. The complaint alleges that the current partnership interests are: plaintiff Thomas–93.63%; plaintiff Terry–1.5%; and defendant Horvath–4.87%. *See id.*, ¶ 8. The only asset of the partnership is property located at 11111 French Road in Detroit, Michigan. The property is currently vacant, and the building

1

located on the property has been repeatedly vandalized and looted. *See id*., ¶¶ 9-10, 25. Plaintiffs sought dissolution on the grounds that: (1) defendant is of unsound mind, MICH. COMP. LAWS § 449.32(1)(a); (2) defendant is incapable of performing his part of the Partnership Agreement, MICH. COMP. LAWS § 449.32(1)(b); (3) defendant has failed to participate in the management of the partnership for over 25 years, MICH. COMP. LAWS § 449.32(1)(d); and (4) the business of HRT can only be carried on at a loss, MICH. COMP. LAWS § 449.32(1)(e). *See* Compl., ¶¶ 14-25. The complaint sought an order dissolving HRT and giving plaintiff Thomas sole responsibility for winding up the affairs of HRT. *See id*., ¶¶ 27-28.

On August 1, 2011, plaintiffs requested an entry of default pursuant to FED. R. CIV. P. 55(a), based on defendant's failure to plead or otherwise defend the action. The Clerk entered default on the same date. On September 14, 2011, plaintiffs moved for entry of default judgment pursuant to FED. R. CIV. P. 55(b)(2). On September 23, 2011, the Court entered an Order granting plaintiffs' motion for default judgment, ordering the partnership dissolved, and directing plaintiff Thomas to wind up the affairs of the partnership agreement and distribute any proceeds according to the terms of the partnership agreement.

The matter is currently before the Court on plaintiffs' motion for approval of the distribution of assets. Plaintiffs propose to have plaintiff Thomas purchase the property from HRT for $132,000.00, based on an appraisal by Norman G. Thomas. As the holder of a 4.87% interest in the partnership, defendant will receive $6,428.40 upon the transfer of the property; as the holder of a 1.5% interest plaintiff Terry will receive $1,980.00; and as the holder of a 93.63% interest plaintiff Thomas will receive $123,591.60. Defendant filed a response to the motion on December 27, 2011. Defendant argues that the property was previously appraised at between $3-$5 million for purposes

of a condemnation action, and that defendant's share of the partnership was determined to be 17.38% in separate litigation in the Wayne County Circuit Court. Defendant requests that the property be listed on the open market with a third-party licensed commercial real estate broker for not less than 6 months to allow a proper marketing of the property, and that he receive 17.38% of the proceeds in accordance with the partnership share determined by the Wayne County Circuit Court. Defendant also seeks an order requiring plaintiff to account for all funds in HRT accounts from January 1, 2007, to the present time, and requiring plaintiff Thomas to return all HRT funds used to pay his or Rüsen's legal fees and expenses associated with the Wayne County Circuit Court litigation. Plaintiffs filed a reply on January 26, 2012. They argue that selling the property to plaintiff Thomas rather than listing it would save the partnership broker's commissions and readily dispose of the property, which carries tax expenses and subjects the partners to potential liability. They also argue that defendant has presented no contrary evidence to their appraisal regarding the value of the property. The parties appeared for oral argument on July 19, 2012.

B.      *Analysis*

Plaintiffs' motion presents three issues for the Court: (1) can plaintiff Thomas purchase the property from the partnership as part of the winding up?; (2) if so, at what price?; and (3) to what percentage of the sale price is defendant entitled? With respect to the first issue, the Court should conclude that plaintiff Thomas is entitled to purchase the property from the partnership. Judicial supervision of the winding up of a partnership's affairs is based on equitable considerations, *see Jacob v. Bald Mountain West*, No. 291224, 2011 WL 668363, at *5 (Mich. Ct. App. Feb. 24, 2011) (per curium), and includes supervision of the sale of real estate owned by the partnership. *See Dunlap v. Byers*, 110 Mich. 109, 115, 67 N.W. 1067, 1069 (1896). The Uniform Partnership Act

(UPA), which Michigan has adopted, does not expressly address post-dissolution sales of property to partners, nor has any Michigan case directly addressed the issue. Other jurisdictions,[1] however, have held that the UPA does not require a public sale of partnership assets, and in appropriate circumstances a partner may purchase the partnership's assets for an agreed or fair market value. *See Best v. McCachren*, 50 So. 3d 355, 361-62 (Miss. Ct. App. 2010); *Horne v. Aune*, 121 P.3d 1227, 1234 (Wash. Ct. App. 2005); *cf. Wanderski v. Nowakowski*, 331 Mich. 202, 213-14, 49 N.W.2d 139, 146 (1951) (affirming trial court's decree requiring plaintiff to buy out defendant partner's interest in the partnership).

With respect to the second question, defendant has presented no evidence to contradict the valuation of the property submitted by plaintiffs. Plaintiffs have submitted a detailed appraisal from Norman G. Thomas, valuing the property at $132,000.00. Defendant has not challenged Mr. Thomas's qualifications, nor any aspect of the appraisal. Nor has defendant presented his own, contrary appraisal. Defendant relies solely on an appraisal conducted in 2002 that appraised the property, for purposes of HRT's inverse condemnation suit against the City of Detroit, as between $3-$5 million. A decade-old appraisal, however, provides no evidence of the property's current market value, particularly in light of the significant changes in the real estate market over that time period. In the absence of any evidence from defendant contradicting the appraisal submitted by plaintiffs, there is no equitable reason why plaintiff Thomas should not be permitted to purchase the

---

[1] In the absence of any Michigan cases on appoint, the decisions of other jurisdictions applying the UPA are persuasive. *Cf. In re Estate of Walther*, 205 Mich. App. 566, 570, 517 N.W.2d 841, 843 (1994). *See generally*, *SCD Chem. Distribs., Inc. v. Medley*, 203 Mich. App. 374, 378, 512 N.W.2d 86, 89 (1994) (courts "may look to decisions from other states for guidance when interpreting uniform acts.").

property at that price.[2]

With respect to defendant's interest, plaintiffs argue that his interest in the partnership is 4.87%, based on defendant's failure to meet certain capital calls. Defendant argues that his interest was determined to be 17.38% in a separate action between the parties in the Wayne County Circuit Court, and that this figure should control here. Plaintiffs respond that this figure was computed prior to additional capital calls that defendant failed to meet, which failure resulted in a further diminution of his interest. The Court need not resolve this issue, however, because the Court's default judgment has already done so. A default constitutes an admission of each factual allegation of the complaint. "The defendant, by his default admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (internal quotation marks and citation omitted); *see also*, FED. R. CIV. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."); 10A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2688 n.5 (3d ed.) (citing cases). Plaintiffs' complaint explicitly alleges the partnership interests in HRT, with defendant holding a 4.87% interest. This factual allegation is deemed admitted by defendant's

---

[2]The parties agree that the structures on the building are unusable, and the only value to the property is the land itself. Defendant suggests that the property should be listed on the open market, arguing that there may be speculators interested in the property who would be willing to buy it in the event that the City of Detroit may eventually purchase or condemn the property for a further expansion of Detroit City Airport, a prospect which defendant's counsel himself conceded was not likely in the near future given the City's current fiscal problems. Listing the property, however, imposes potentially significant burdens. While the property is listed, the individual partners remain liable to pay taxes, as well as personally liable for injuries which may occur on the property. Defendant does not provide any evidence of any potential buyers, or suggest how long the partners may incur these additional liabilities before sale, but contemplates that the property should be on the market for a minimum of six months. In light of the agreed state of the property and the unrebutted appraisal, requiring an attempt to market the property is not the most equitable solution.

default and is conclusive in light of the Court's entry of default judgment.[3]  Thus, defendant is entitled to a distribution of 4.87% of the proceeds from the sale of the property.

For the same reason, defendant's request for an accounting and request for an order requiring plaintiff Thomas to return funds taken from HRT accounts are not properly before the Court.  These requests are in the nature of affirmative defenses or counterclaims.  However, because defendant has filed no answer to the complaint or any other pleading, no such claims are before the Court.  Once a default judgment has been entered, the defaulted party may not interpose set-offs, counterclaims, or affirmative defenses in post-judgment proceedings on remedial matters.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 159-61 (2d Cir. 1992); *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988).  Accordingly, these matters are not properly before the Court.

C.     *Conclusion*

In view of the foregoing, the Court should grant plaintiffs' motion for approval of distribution of assets and enter an order allowing plaintiff Thomas to purchase the property from HRT for $132,000.00, with distribution of 4.87% of the proceeds to defendant, 1.5% of the proceeds to plaintiff Terry, and 93.63% of the proceeds to plaintiff Thomas.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505

---

[3]Defendant has not moved for relief from the judgment under FED. R. CIV. P. 60.

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 7/20/12

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means  or  U.S. Mail and on July 20, 2012
>
> s/Eddrey Butts
> Case Manager